## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| CHOICE HOTELS INTERNATIONAL, INC., | |
| Plaintiff, | |
| vs. | Civil Action No. |
| AMBALAL, INC., MUKESH PATEL and HARISH PATEL | _____ |
| Defendants. | |

## COMPLAINT

**COMES NOW** the Plaintiff, Choice Hotels International, Inc., by and through its legal counsel, SCHIFF HARDIN LLP, and in support of its Complaint against Defendants Ambalal, Inc., Mukesh Patel and Harish Patel (the "Named Defendants") does hereby allege and aver:

### Parties

1.     Plaintiff, Choice Hotels International, Inc. is a Delaware corporation, licensed to conduct business in the State of Georgia, having a principal place of business at 1 Choice Hotels Circle, Suite 400, Rockville, Maryland 20850.

2.    Upon information and belief, Defendant Ambalal, Inc. is corporation organized under the laws of the State of Georgia, having a principal office address at PO Box 728, Jonesboro, Georgia, 30237.

3.    Upon information and belief, Defendant Mukesh Patel is a natural person who resides  and regularly conducts business in this State and District, by, *inter alia*, engaging in the provision of hotel-motel services at 795 Pollard Boulevard, Atlanta, Georgia 30315.

4.    Upon information and belief, Defendant Harish Patel is a natural person who resides and regularly conducts business in this State and District, by, inter alia, engaging in the provision of hotel-motel services at 795 Pollard Boulevard, Atlanta, Georgia 30315.

## Jurisdiction and Venue

5.    This Court has both diversity and federal question jurisdiction over this case.

6.    This Court has diversity jurisdiction in this matter pursuant to 28 U.S.C. §1332(a) because the amount in controversy exceeds $75,000.00 and the parties are citizens of different States.

7.    This Court has original federal question jurisdiction over the Lanham Act claims in this action pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331,

1338(a).

8.     This Court has original jurisdiction in this case pursuant to 28 U.S.C. §1338(b) because this civil action asserts a claim of unfair competition joined with a substantial and related claim under the trademark laws.

9.     This Court has supplemental jurisdiction over the state and common law claims in this action pursuant to 28 U.S.C. §1367(a) because those claims are so related to the Lanham Act claims so as to form part of the same case or controversy under Article III of the United States Constitution.

10.     Upon information and belief, each of the Named Defendants has sufficient contacts with this state and district such that this Court's exercise of personal jurisdiction over them comports with traditional notions of fair play and substantial justice.

11.     Venue is proper in this Court pursuant to 28 U.S.C. §1391.

### Choice Hotels and the COMFORT® Family of Marks

12.     Choice Hotels International, Inc. (hereinafter, "Choice Hotels") is in the business of franchising hotels.

13.     Choice Hotels can trace its roots to the 1930s when it was comprised of a small chain of roadside hotels.

14.    Since that time, Choice Hotels has grown to become one of the largest and most successful lodging franchisors in the world.

15.    Choice Hotels is now a publically traded company with 6,000 franchised hotels.

16.    Choice Hotels offers high value, mid-priced, hotel and motel and services under such well known brands as CAMBRIA SUITES®, COMFORT INN®, COMFORT SUITES®, QUALITY®, SLEEP INN®, CLARION®, MAINSTAY SUITES®, SUBURBAN EXTENDED STAY HOTEL®, ECONO LODGE®, and RODEWAY INN®.

17.    Choice Hotels and/or its predecessor in interest has been offering lodging services under a family of COMFORT® marks since at least as early as 1981.

18.    Choice Hotels is the owner of several United States Trademark Registrations for its COMFORT® family of marks.

19.    Choice Hotels is the owner of United States Trademark Registration No. 1,265,290 (hereinafter, "the '290 registration") for the mark COMFORT INNS for use in connection with hotel and motel services.  A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 1.

20.    The '290 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

21.    Choice Hotels is the owner of United States Trademark Registration No. 1,315,180 (hereinafter, "the '180 registration") for the mark COMFORT INN for use in connection with hotel and motel services.  A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 2.

22.    The '180 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

23.    Choice Hotels is the owner of United States Trademark Registration No. 1,522,980 (hereinafter, "the '980 Registration") for the mark COMFORT + Design for use in connection with the provision of hotel and motel services. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 3.

24.    The '980 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

25.    Choice Hotels is the owner of United States Trademark Registration No. 1,707,467 (hereinafter, "the '467 Registration") for the mark COMFORT HOTEL + Design for use in connection with the provision of hotel and motel services. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 4.

26.     The '467 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

27.     Choice Hotels is the owner of United States Trademark Registration No. 1,712,481 (hereinafter, "the '481 Registration") for the mark COMFORT HOTEL for use in connection with the provision of hotel and motel services. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 5.

28.     The '481 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

29.     Choice Hotels is the owner of United States Trademark Registration No. 1,712,482 (hereinafter, "the '482 Registration") for the mark COMFORT SUITES for use in connection with the provision of hotel and motel services. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 6.

30.     The '482 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

31.     Choice Hotels is the owner of United States Trademark Registration No. 1,788,677 (hereinafter, "the '677 Registration") for the mark COMFORT for use in connection with the provision hotel and motel services; and hotel and motel

reservation services. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 7.

32.    The '677 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

33.    Choice Hotels is the owner of United States Trademark Registration No. 2,264,702 (hereinafter, "the '702 Registration") for the mark COMFORT INN & SUITES for use in connection with the provision of hotel and motel services. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 8.

34.    The '702 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

35.    Choice Hotels is the owner of United States Trademark Registration No. 2,665,525 (hereinafter, "the '525 Registration") for the mark CS COMFORT SUITES + Design for use in connection with the provision of hotel and motel services. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 9.

36.    The '525 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

37.    Choice Hotels is the owner of United States Trademark Registration No. 3,050,363 (hereinafter, "the '363 Registration") for the mark COMFORT INN + Design for use in connection with the provision of hotel and motel services; hotel and motel reservation services for others; online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 10.

38.    The '363 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

39.    Choice Hotels is the owner of United States Trademark Registration No. 3,050,364 (hereinafter, "the '364 Registration") for the mark COMFORT + Design for use in connection with the provision of hotel and motel services; hotel and motel reservation services for others; online hotel and motel reservation services for others.  A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 11.

40.    The '364 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

41.    Choice Hotels is the owner of United States Trademark Registration No. 3,050,860 (hereinafter, "the '860 Registration") for the mark COMFORT HOTEL + Design for use in connection with the provision of hotel and motel

services; hotel and motel reservation services for others; online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 12.

42. The '860 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

43. Choice Hotels is the owner of United States Trademark Registration No. 3,050,866 (hereinafter, "the '866 Registration") for the mark COMFORT INN + Design for use in connection with the provision of hotel and motel services; hotel and motel reservation services for others; online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 13.

44. The '866 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

45. Choice Hotels is the owner of United States Trademark Registration No. 3,050,867 (hereinafter, "the '867 Registration") for a miscellaneous Design Mark for use in connection with the provision of hotel and motel services; hotel and motel reservation services for others; online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 14.

46.    The '867 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

47.    Choice Hotels is the owner of United States Trademark Registration No. 3,050,868 (hereinafter, "the '868 Registration") for the mark COMFORT INN & SUITES + Design for use in connection with the provision of hotel and motel services; hotel and motel reservation services for others; online hotel and motel reservation services for others.  A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 15.

48.    The '868 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065

49.    Choice Hotels is the owner of United States Trademark Registration No. 3,050,877 (hereinafter, "the '877 Registration") for the mark COMFORT RESORT for use in connection with the provision of hotel and motel services; hotel and motel reservation services for others; online hotel and motel reservation services for others.  A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 16.

50.    The '877 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

51.     Choice Hotels is the owner of United States Trademark Registration No. 3,050,880 (hereinafter, "the '880 Registration") for the mark COMFORT HOTEL & SUITES for use in connection with the provision of hotel and motel services; hotel and motel reservation services for others; online hotel and motel reservation services for others.   A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 17.

52.     The '880 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065

53.     Choice Hotels is the owner of United States Trademark Registration No. 3,050,881 (hereinafter, "the '881 Registration") for the mark COMFORT HOTEL for use in connection with the provision of hotel and motel reservation services for others; online hotel and motel reservation services for others.   A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 18.

54.     The '881 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065

55.     Choice Hotels is the owner of United States Trademark Registration No. 3,050,882 (hereinafter, "the '882 Registration") for the mark COMFORT INN for use in connection with the provision of hotel and motel reservation services for others; online hotel and motel reservation services for others.   A true and correct

copy of the Certificate of Registration is attached hereto as Exhibit 19.

56.     The '882 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065

57.     Choice Hotels is the owner of United States Trademark Registration No. 3,050,883 (hereinafter, "the '883 Registration") for the mark COMFORT INN & SUITES for use in connection with the provision of hotel and motel reservation services for others; online hotel and motel reservation services for others.  A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 20.

58.     The '883 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065

59.     Choice Hotels is the owner of United States Trademark Registration No. 3,231,176 (hereinafter, "the '176 Registration") for the mark COMFORT RESORT + Design for use in connection with the provision of hotel and motel services; hotel and motel reservation services for others; online hotel and motel reservation services for others.  A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 21.

60.     The '176 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

61.     Choice Hotels is the owner of United States Trademark Registration No. 3,231,180 (hereinafter, "the '1180 Registration") for the mark COMFORT HOTEL & SUITES + Design for use in connection with the provision of Hotel and motel services; hotel and motel reservation services for others; online hotel and motel reservation services for others.  A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 22.

62.     The '1180 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

63.     Choice Hotels is the owner of United States Trademark Registration No. 3,449,308 (hereinafter, "the '308 Registration") for the mark CS COMFORT SUITES + Design for use in connection with the provision of hotel and motel services, hotel and motel reservation services for others, and online hotel and motel reservation services for others.   A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 23.

64.     The '308 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

65.     Choice Hotels is the owner of United States Trademark Registration No. 4,279,333 (hereinafter, "the '333 Registration") for the mark COMFORT SUITES for use in connection with the provision of hotel and motel services, hotel

and motel reservation services for others, and online hotel and motel reservation services for others.  A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 24.

66.    Since the inception of their use, the service marks described in paragraphs 20 to 65 above (hereinafter, collectively, "the COMFORT family of marks"), have been used by Choice Hotels, its predecessors and franchisees only in connection with the provision of the highest value hotel and motel services.

67.    Each registration identified in paragraphs 20 to 65 above remains active, valid and enforceable.

68.    Choice Hotels has invested, and continues to invest, significant resources in the development, promotion and protection of the COMFORT family of marks.

69.    As a result of its concerted branding efforts, the COMFORT family of marks have become widely associated, in the minds of the consuming and general public, with the goods and services offered by Choice Hotels.

70.    The marks in the COMFORT family of marks are indicative to both the trade industry and consumers that items bearing, or services offered under, the COMFORT marks originate from, or are sponsored or approved by, Choice Hotels, and constitute genuine and authentic Choice Hotels goods and services.

14

71.    On or about March 9, 2001, Choice Hotels entered into a Franchise Agreement with Ambalal, Inc., Mukesh Patel, and Harish Patel (hereinafter, collectively, "Ambalal") which permitted Ambalal to operate a COMFORT INN® hotel franchise at 795 Pollard Boulevard, Atlanta, Georgia 30315 (hereinafter, "the Subject Property").    A true and correct copy of the Franchise Agreement is attached hereto as Exhibit 25.

72.    The Franchise Agreement licensed the COMFORT® family of marks to Ambalal for so long as the Franchise Agreement remained in effect.

73.    Paragraph 11 of the Franchise Agreement provides that upon termination Ambalal must immediately discontinue use of any trademarks belonging to Choice Hotels.

74.    Prior to June 25, 2013. Ambalal defaulted on its material obligations under the Franchise Agreement by failing to maintain the brand average Likelihood To Recommend (LTR) scores as set forth in the COMFORT INN® Rules and Regulations.

75.    The failure to maintain the brand standards imposed the COMFORT INN® Rules and Regulations constituted a breach of Ambalal's material obligations under the Franchise Agreement.

76.    On or about June 25, 2013, Choice Hotels issued a Notice of Default, via FEDEX delivery service, to Ambalal articulating the areas of breach and offering Ambalal the opportunity to take curative action to avoid termination of the Franchise Agreement.  A true and correct copy of the Notice of Default is attached hereto as Exhibit 26.

77.    Ambalal was given nine months to cure the June 25, 2013 default.

78.    Ambalal did not cure the June 25, 2013 default prior to the deadline.

79.    Prior to August 5, 2013, Ambalal also defaulted on its material obligations under the Franchise Agreement by failing to complete the hotel upgrades contemplated by Addendum No. 4 to the Franchise Agreement.

80.    The failure to complete the hotel upgrades contemplated by Addendum No. 4 constituted a breach of Ambalal's material obligations under the Franchise Agreement.

81.    On or about August 5, 2013, Choice Hotels issued another Notice of Default, via FEDEX delivery service, to Ambalal articulating the areas of breach and offering Ambalal the opportunity to take curative action to avoid termination of the Franchise Agreement.  A true and correct copy of the Notice of Default is attached hereto as Exhibit 27.

82.    Ambalal was given four months to cure the August 5, 2013 default.

83.    Ambalal did not cure the August 5, 2013 default prior to the deadline.

84.    On or about April 30, 2014, Choice Hotels issued a Notice of Termination, via FEDEX delivery service, to Ambalal. A true and correct copy of the Notice of Termination is attached hereto as Exhibit 28.

85.    The Notice of Termination extinguished Ambalal's right to use the COMFORT® family of marks in connection with the Subject Property as of April 30, 2014.

86.    On or about May 6, 2014, Choice Hotels issued an Amended Notice of Termination, via FEDEX delivery service, to Ambalal.  A true and correct copy of the Amended Notice of Termination is attached hereto as Exhibit 29.

87.    The Notice of Termination and the Amended Notice of Termination were issued as a result of Ambalal's failure to cure the June 25, 2013 default and the August 5, 2013 default.

88.    The Notice of Termination and the Amended Notice of Termination instructed Ambalal to immediately cease and desist use of any and all marks owned by Choice Hotels.  The Amended Notice of Termination specifically instructed Ambalal to remove any items that bear Choice Hotels marks including, but not limited to: DOT Signs, Billboards, Property Signage, Entrance Signage,

Building Signage, Local Yellow Page Ad, Airport Advertising, Lobby Display/Backdrop, Owner's Plaque, Rate/Hotel Law Cards, Stationery/Guest and Office, Shower Curtains, Fire Evacuation Cards, Soap/Amenity Package, In-Room Organizers, Cups/Glasses, Van Signs, Folios, Name Tags, Ice Buckets, Guest Service Directory, Sani-Bags, Travel Directories, Ashtrays, Phone Plate, Info Caddy, Matches, Brochures, Rack Cards, Flyers, Guest Room Door Signage, Do Not Disturb Cards, Wastebaskets, Sanitary Toilet Strips, Pad/Pencil/Pen, Guest Comment Cards, Manner in Which Phone is Answered,  Voice Mail and Domain Name.

89.    The Amended Notice of Termination further informed Ambalal that continued use of the COMFORT® family of marks would constitute trademark infringement and would be dealt with accordingly.

90.    The Amended Notice of Termination further advised Ambalal that, under the terms of the Franchise Agreement, Choice Hotels was entitled to $64,496.74 in past due franchise and related fees, $2,762.52 in travel agent commissions, and $166,547.39 in lost profits for the remaining term of the Franchise Agreement.

91.    The Amended Notice of Termination demanded that Ambalal tender full payment of $233,806.65 balance due and owning.  Choice Hotels further

indicated that it would proceed with appropriate legal action if its demands were not met.

92.    Ambalal did not comply with the requirements set forth in the Amended Notice of Termination.

93.    On or about May 12, 2014, Choice Hotels issued a Denial of Reinstatement, via FEDEX delivery service, to Ambalal.  A true and correct copy of the May 12, 2014 Denial of Reinstatement is attached hereto as Exhibit 30.

94.    The Denial of Reinstatement instructed Ambalal that its request to reenter the Choice Hotels system had been denied.

95.    The Denial of Reinstatement further reiterated that Ambalal's continued use of the COMFORT INN® mark at the Subject Property constituted trademark infringement and would be dealt with accordingly.

96.    Thereafter, Ambalal continued to operate the Subject Property as a COMFORT INN® without the permission or approval of Choice Hotels.

97.    On or about September 22, 2014, Choice Hotels sent a cease and desist letter, via certified mail, to Ambalal regarding the unauthorized use of the COMFORT® family of marks at the Subject Property.  A true and correct copy of the September 22, 2014 letter is attached hereto as Exhibit 31.

98.    The September 22, 2014 letter advised Ambalal that its continued use of the COMFORT® family of marks, both at the hotel and online, was unauthorized.    The letter specifically instructed Ambalal to provide written and photographic evidence, no later than October 6, 2014, that it had completely discontinued use of the COMFORT® family of marks at the Subject Property.    The letter further indicated that Choice Hotels would proceed with appropriate legal action if its demands were not met.

99.    Ambalal did not comply with the requirements set forth in the September 22, 2014 letter.

100.    Thereafter, Choice Hotels discovered that Ambalal continued to use the COMFORT® family of marks in, around, and in publicity for, the hotel located at the Subject Property.

101.    On or about November 6, 2014, Choice Hotels sent a second cease and desist letter, via certified mail, to Ambalal regarding the unauthorized use of the COMFORT® family of marks at the Subject Property.    A true and correct copy of the September 22, 2014 letter is attached hereto as Exhibit 32.

102.    The November 6, 2014 letter again advised Ambalal that its continued use of the COMFORT® family of marks, both at the hotel and online, was unauthorized.    The letter specifically instructed Ambalal to provide written and

photographic evidence, no later than November 14, 2014, that it had completely discontinued use of the COMFORT® family of marks at the Subject Property. The letter further indicated that Choice Hotels would proceed with appropriate legal action if its demands were not met.

103.   Ambalal did not comply with the requirements set forth in the November 6, 2014 letter.

104.   Thereafter, Choice Hotels discovered that Ambalal continued to use the COMFORT® family of marks in, around, and in publicity for, the hotel located at the Subject Property.

105.   On or about April 29, 2015, a Choice Hotels field representative conducted a site inspection of the Subject Property and discovered that the COMFORT® family of marks was still in use.  A true and correct copy of the photograph taken by the Choice Hotels field representative on or about April 29, 2015 is depicted below:



106.   At no time after April 30, 2014 was Ambalal authorized to use any of the marks in the COMFORT® family of marks at the Subject Property.

107.   Notwithstanding, after April 30, 2014 Ambalal continued to make extensive unauthorized use of the COMFORT® family of marks in connection with the provision of hotel and motel services at the Subject Property.

108.   The continued unauthorized use of the COMFORT® family of marks by Ambalal has irreparably damaged, and will continue to irreparably damage, the valuable good will associated with the COMFORT® family of marks.

## COUNT I
## Infringement of Federally Registered Trademark
## (15 U.S.C. §1114)

109.   Paragraphs 1-108 are incorporated by reference herein as though set forth in their entirety.

110.   Choice Hotels is the owner of a family of COMFORT® marks which it uses in connection with the provision of hotel and motel services.  Included in that family of marks are at least the following United States Trademark Registrations: the '290 Registration; the '180 Registration; the '980 Registration; the 467 Registration; the '481 Registration; the '482 Registration; the '677 Registration; the '702 Registration; the '525 Registration; the '363 Registration; the '364 Registration; the '860 Registration; the '866 Registration; the '867 Registration; the '868 Registration; the '877 Registration; the '880 Registration; the '881 Registration; the '882 Registration; the '883 Registration; the '176 Registration; the '1180 Registration; '308 Registration and the '333 Registration.

111.   Choice Hotels licensed the COMFORT® family of marks to Ambalal as part of a Franchise Agreement.

112.   Upon information and belief, after termination of the Franchise Agreement and its license, and despite receiving multiple notices regarding said termination, Ambalal continued to use, and continues to use, the COMFORT®

family of marks, including one or more of the federally registered marks identified in paragraph 110 above, in connection with the provision of hotel and motel services at the Subject Property.

113.    Upon information and belief, Ambalal had actual knowledge of the COMFORT® family of marks owned by Choice Hotels and, without the consent of Choice Hotels, knowingly and deliberately used in commerce, in connection with the provision of hotel and motel services marks which are likely to cause confusion, mistake, or deception in violation of Section 32(a) of the Lanham Act, 15 U.S.C. §1114(1).

114.    The acts of Ambalal as described herein constitute infringement of one or more of Choice Hotels' federally registered trademarks.

115.    As a direct and proximate cause of the infringing acts of Ambalal, Choice Hotels has been damaged in an amount to be determined at trial.

116.    Choice Hotels is entitled to injunctive relief under 15 U.S.C. §1116, and to recover its damages, the profits of Ambalal, and the cost of the action under 15 U.S.C. §1117.

117.    The acts of Ambalal as described herein warrant this case being designated as exceptional under 15 U.S.C. §1117 and the imposition of treble damages and attorneys' fees.

118.   The acts of Ambalal as described herein have caused and will continue to cause serious irreparable injury to Choice Hotels and to the good will associated with the COMFORT® family of marks unless restrained and enjoined by this Court. Choice Hotels has no adequate remedy at law.

## COUNT II
### Federal Unfair Competition – False Designation of Origin
### (15 U.S.C. §1125(a))

119.   Paragraphs 1-118 are incorporated by reference herein as though set forth in their entirety.

120.   Upon information and belief, Ambalal had actual knowledge of the COMFORT® family of marks owned by Choice Hotels and, without the consent of Choice Hotels, knowingly and deliberately used in commerce, in connection with the provision of hotel and motel services marks which are likely to cause confusion, mistake, or deception in violation of Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)).

121.   Upon information and belief, Ambalal used one or more of the marks in the COMFORT® family of marks in commerce in connection with the provision of hotel and motel services.

122.   Such use constitutes a false designation of origin, and/or a false or misleading description and/or representation of fact which is likely to cause

confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association between Choice Hotels and Ambalal, or as to the origin, sponsorship, or approval of the services or commercial activities of Ambalal by Choice Hotels.

123.   As a direct and proximate cause of the acts of Ambalal as described herein, Choice Hotels has been damaged in an amount to be determined at trial.

124.   Choice Hotels is entitled to injunctive relief under 15 U.S.C. §1116, and to recover its damages, the profits of Ambalal, and the cost of the action under 15 U.S.C. §1117.

125.   The acts of Ambalal as described herein warrant this case being designated as exceptional under 15 U.S.C. §1117 and the imposition of treble damages and attorneys' fees.

126.   The acts of Ambalal as described herein have caused and will continue to cause serious irreparable injury to Choice Hotels and to the good will associated with the COMFORT® family of marks unless restrained and enjoined by this Court. Choice Hotels has no adequate remedy at law.

### COUNT III
### Violation of Uniform Deceptive Trade Practices Act
### (O.C.G.A. §§10-1-371 *et seq.*)

127.   Paragraphs 1- 126 are incorporated by reference herein as though set forth in their entirety.

128.   The activities of Ambalal as described herein constitute a violation of the Uniform Deceptive Trade Practices Act O.C.G.A. §10-1-372.  Ambalal has, *inter alia*, used a mark or marks in commerce in connection with the provision of hotel and motel services which are likely to create consumer confusion in the marketplace; passed off its goods or services as those of another; used a mark or marks in commerce that causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services; used a mark or marks in commerce that causes likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by another; represented that its services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have.

129.   Ambalal has willfully engaged in the foregoing trade practices knowing them to be deceptive.  Accordingly, Choice Hotels is entitled to recover its attorneys' fees pursuant to O.C.G.A. §10-1-373(b)(2).

130.   The activities of Ambalal as described herein were undertaken with the full knowledge of Choice Hotels' rights of the COMFORT® family of marks.

131.   The conduct of Ambalal as described herein has injured Choice Hotels in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Choice Hotels for which there is no adequate remedy at law.

Choice Hotels will continue to be so damaged in the absence of relief from this Court.

## COUNT IV
### Trademark Infringement / Unfair Competition
### Georgia Common Law

132.   Paragraphs 1- 131 are incorporated by reference herein as though set forth in their entirety.

133.   The activities of Ambalal as described herein are unfair acts that have damaged the legitimate business of Choice Hotels; therefore those activities constitute unfair competition pursuant to the common law of Georgia.

134.   Ambalal has used marks in commerce in connection with the provision of hotel and motel services which are likely to create consumer confusion in the marketplace; therefore those activities constitute trademark infringement under the common law of Georgia.

135.   The conduct of Ambalal as described herein has injured Choice Hotels in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Choice Hotels for which there is no adequate remedy at law. Choice Hotels will continue to be so damaged in the absence of relief from this Court.

**WHEREFORE**, Choice Hotels prays:

A.     That each of the Named Defendants, jointly and severally, their agents, servants, employees and attorneys and all those in active concert or participation with them, be permanently and forever enjoined from using any of the marks in the COMFORT® family of marks, including but not necessarily limited to, the marks appearing the '290 Registration; the '180 Registration; the '980 Registration; the '467 Registration; the '481 Registration; the '482 Registration; the '677 Registration; the '702 Registration; the '525 Registration; the '363 Registration; the '364 Registration; the '860 Registration; the '866 Registration; the '867 Registration; the '868 Registration; the '877 Registration; the '880 Registration; the '881 Registration; the '882 Registration; the '883 Registration; the '176 Registration; the '1180 Registration; '308 Registration and the '333 Registration or any mark confusingly similar thereto;

B.     That each of the Named Defendants, jointly and severally, be found liable for Federal Trademark Infringement and Federal Unfair Competition resulting from its use of one or more of the COMFORT® family of marks;

C.     That Choice Hotels be awarded judgment for damages against each of the Named Defendants, jointly and severally, resulting from violation of Section 32(a) of the Lanham Act (15 U.S.C. §1114) and 43(a) of the Lanham Act (15

U.S.C. §1125(a)) for Federal Trademark Infringement and Federal Unfair Competition, respectively, in an amount to be fixed by the Court which in its discretion it finds just, including:

1) all profits received by each Named Defendant from sales and revenues of any kind as a result of the actions complained of herein; and

2) all damages sustained by Choice Hotels as a result of each Named Defendant's acts of infringement and unfair competition, and that such damages be trebled; and

3) that, in light of the deliberate and willful actions of each Named Defendant this action be designated an exceptional case, thereby entitling Choice Hotels to an award of all reasonable attorneys' fees, costs, and disbursements incurred by Choice Hotels as a result of this action, pursuant to 15 U.S.C. §1117, and that Choice Hotels be awarded such relief;

D. That Choice Hotels be awarded its attorneys' fees pursuant to O.C.G.A. §10-1-373(b)(2);

E. That Choice Hotels be awarded judgment for damages, in an amount to be determined at trial, against each of the Named Defendants, jointly and severally, resulting from their acts of unfair and deceptive trade practice in

violation of O.C.G.A. §10-1-371 *et esq.*;

F.     That Choice Hotels be awarded judgment for damages, in an amount to be determined at trial, against each of the Named Defendants, jointly and severally, resulting from their common law trademark infringement and common law unfair competition;

G.     That this Court award any and all relief not here enumerated that this Court should deem just and equitable;

H.     That Choice Hotels be awarded the costs and attorneys' fees it incurs in this action; and

I.     That all triable issues be brought before a jury.

Dated this 21st day of May, 2015.

By:___*/s/ John C. Amabile*_____
John C. Amabile
Georgia Bar No. 041520
SCHIFF HARDIN LLP
One Atlantic Center, Suite 2300
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 437-7000
Facsimile:  (404) 437-7100

*Attorneys for Plaintiff Choice Hotels
International, Inc.*